OPINION
Plaintiff-appellant Stephanie Phipps ("Phipps") brings this appeal from the judgment of the Court of Common Pleas of Union County dismissing her complaint with prejudice.
On October 22, 1998, the vehicle driven by Phipps was struck by a vehicle driven by defendant-appellee Lucinda Stalling ("Stalling"). Stalling was cited for failure to yield from a stop sign and admits liability for the accident. At that time, Phipps claimed no injury and drove her car away from the scene.
On October 20, 2000, Phipps filed a complaint alleging that she sustained serious injuries in the accident Phipps sought damages in excess of $25,000. The prayer for relief was later amended to be $125,000 plus costs and interest. On November 27, 2000, Stalling filed her answer claiming a defense of accord and satisfaction based upon Phipps cashing a check in the amount of $1,456.65. No release was ever signed by Phipps and she denied cashing the check, so the matter was set for a jury trial. On October 1, 2001, Phipps admitted to the court that she had cashed the check. On the face of the check was the following: "This is full payment unless otherwise indicated on stub." Based upon this statement, the trial court sua sponte ordered that the case be dismissed because of accord and satisfaction. It is from this judgment that Phipps appeals.
Phipps raises the following assignments of error.
 The trial court committed error prejudicial to Phipps in dismissing Phipp's complaint sua sponte.
 The trial court committed error prejudicial to Phipps by failing to view the evidence most favorably to Phipps.
Since both of these assignments of error are basically asserting that the trial court erred in dismissing the case, we will address them together.
The basis for the dismissal of the claim by the trial court was the defense of accord and satisfaction. The Ohio Supreme Court addressed the defense of accord and satisfaction in Allen v. R.G. Indus. Supply
(1993), 66 Ohio St.3d 229, 611 N.E.2d 794. In Allen, the Supreme Court held the following:
 Accord and satisfaction is an affirmative defense to a claim for money damages. If a party against whom a claim for damages is made can prove accord and satisfaction, that party's debt is discharged by operation of law.
 * * *
 When an accord and satisfaction is pled by the defendant, the court's analysis must be divided into three distinct inquiries. First the defendant must show that the parties went through a process of offer and acceptance — an accord. Second, the accord must have been carried out — a satisfaction. Third, if there was an accord and satisfaction, it must have been supported by consideration. The first and second inquiries merge when the creditor manifests acceptance of the offer by negotiating a check sent by the debtor with the offer. "At common law, an accord and satisfaction is accomplished when a creditor accepts and deposits a check which the debtor offers as full payment for an unliquidated or disputed debt. * * * By cashing the check, the creditor manifests assent to the terms of a new contract which extinguishes the debtor's prior contractual obligation."
 * * *
 Two essential safeguards built into the doctrine of accord and satisfaction protect creditors from overreaching debtors: "1) there must be a good faith dispute about the debt and 2) the creditor must have reasonable notice that the check is intended to be in full satisfaction of the debt."
 * * *
 The second safeguard requires the creditor to be given reasonable notice that the check sent by the debtor is intended as full satisfaction of the alleged debt. "The rule relating to an offer of accord is that the offer must make clear that the offeror seeks a total discharge. If this is not done any payment made and accepted will be treated as part payment." To achieve an accord and satisfaction the debtor must make it clear, in the eyes of a reasonable person, that the check is being tendered only on condition that it is taken in full payment of the disputed claim. * * *.
 A defendant can prove the existence of such a clear expression either by evidence of an agreement between the parties or by the words appearing on the check itself.
Id. at 231-233, 611 N.E.2d at 797-798 (citations omitted).
In Allen, the debtor had printed the following statement: "In payment of any and all claims for bodily injury but excluding any reasonable medical expenses incurred within 6 months up to $500.00." Id. at 230,611 N.E.2d at 796. The Supreme Court held as a matter of law that this was "insufficient to constitute express notice to the Allens that it was offered in exchange for a full release." Id. at 235, 611 N.E.2d at 800.
 [F]or the check alone to be sufficient it would have to contain express references to the date of the alleged tort, an explicit statement that it is the final payment to be made by the tortfeasor, and a reference to the terms appearing on the front of the check printed above the signature line(s) on the back of the check. This information is necessary to ensure that the injured party knows exactly what he or she is giving up in exchange for the payment.
Id.
In this case, the face of the check merely claimed to be payment in full. Nowhere on the check is there any indication what the payment is for or on whose behalf it is paid. The back of the check contains no information above the signature lines. Thus, the face of the check is insufficient to prove accord and satisfaction.
The other method of proving an accord and satisfaction is to show that the offer was made directly to the injured party. Here, that did not occur. The insurance adjuster never spoke with Phipps. Instead, the adjuster only spoke with Phipps' mother and gave her the check. Phipps was not a minor at the time of the accident, so she is the injured party. The record does not reveal that her mother had any authority to accept an offer for her. Thus, the record does not support a finding that Phipps had any express notice that cashing the check would constitute an accord and satisfaction of her claims against Stalling.
Since no accord and satisfaction was reached, the trial court erred in dismissing the case. Thus, the assignments of error are sustained.
The judgment of the Court of Common Pleas of Union County is reversed and the cause remanded for further proceedings.
Judgment reversed and cause remanded.
SHAW, P.J., and HADLEY, J., concur.